**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas E. JONES, Defendant– Appellant.**

**No. 03–5087.**

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2003.

**574**

Steven S. Neff, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Douglas E. Jones, pro se, Atlanta, GA, for Defendant–Appellant.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

### ORDER

Douglas E. Jones appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, Jones pleaded guilty to interfering with interstate commerce by robbery in violation of 18 U.S.C. § 1951, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Jones to a total of 235 months of incarceration, to be followed by five years of supervised release. Jones has filed a timely appeal.

On appeal, Jones's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court erred when it sentenced Jones at the high end of the applicable guidelines range. Jones has not responded to his counsel's motion to withdraw. He has filed a motion for the appointment of new counsel.

■ Upon review, we conclude that the district court properly sentenced Jones. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. See 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994). Jones has not presented any issue which fits these criteria. Jones's total offense level was 31, his Criminal History Category

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

score was VI, and the resulting guidelines range was 188–235. Thus, Jones's sentence of 235 months was within the applicable guidelines range. Absent a claim of specific legal error, this court lacks jurisdiction to review a sentence that falls within the applicable guideline range. *See United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995); *United States v. Velez,* 1 F.3d 386, 389 (6th Cir.1993).

■ We also conclude that the presentence investigation report correctly determined that Jones is a career offender under USSG §§ 4B1.1 and 4B1.4 because he has at least three prior convictions for a "violent felony."

■ Additionally, we have reviewed the record and discovered no error warranting reversal of Jones's conviction and sentence. Jones voluntarily pleaded guilty. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Jones's plea hearing, the district court explained the rights that Jones was waiving, determined that no additional promises had been made to compel Jones to plead guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Jones understood the indictment to which he was pleading guilty. Finally, Jones acknowledged the accuracy of the government's memorandum setting forth the factual basis for the plea. The document reflects that Jones entered a convenience store and pointed a handgun at the owner. The owner handed Jones $260 after Jones demanded money and threatened to shoot him.

Accordingly, we deny the motion for the appointment of new counsel, grant counsel's motion to withdraw, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.